**BRETT E. LEWIS (BL6812)**
Email: Brett@iLawco.com
**LEWIS & LIN, LLC**
**81 Prospect Street, Suite 8001**
**Brooklyn, NY  11201**
**Telephone:  (718) 243-9323**
**Facsimile: (718) 243-9326**

Attorneys for Plaintiffs
Dr. Mary Sabo and Mary Sabo Acupuncture, PLLC

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

DR. MARY SABO and MARY SABO
ACUPUNCTURE, PLLC,

                         Plaintiffs,

           -against-

ANDRES VITALE,

                       Defendant.

-------------------------------------------------------------X

Index No.:

**COMPLAINT FOR**
**DELARATORY JUDGMENT**

**JURY TRIAL DEMANDED**

Plaintiffs Dr. Mary Sabo and Mary Sabo Acupuncture, PLLC by their attorneys, for their

complaint against Andres Vitale, allege as follows:

## INTRODUCTION

1.  This action seeks relief under the Anti-cybersquatting Consumer Protection Act,

    15 U.S.C. § 1125(d), for conversion, and a declaratory judgment under 28 U.S.C.

    § 2201.  As set forth below, through his registration and use of the Internet domain

    name <MarySaboAcupuncture.com> (the "Domain Name"), and refusal to turn the

    same over to its rightful trademark holder, Defendant Andres Vitale has prevented a

    trademark holder from registering the MARY SABO ACUPUNCTURE trademark in

    the corresponding Domain Name in bad faith.

**Subject Matter Jurisdiction and Venue**

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121.  The Court has supplemental jurisdiction over the common law claims under 28 U.S.C. § 1367(a).

3. Jurisdiction over the New York common law counts is conferred upon this Court because there is a common nexus of operative facts giving rise to the substantial federal claims and to the state causes of action. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338 to hear the state law claims which are joined with the federal cybersquatting claims.

4. Judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises its subject matter jurisdiction over all causes of action averred herein.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims and the threatened and actual harm to Plaintiff occurred in this District by reason of Defendant's conduct as alleged below, and Defendant is subject to this Court's personal jurisdiction in this judicial district, as Defendant's conduct continues to impact commerce with business and customers located in this district.

**Parties and Personal Jurisdiction**

6. Plaintiff Mary Sabo ("Dr. Sabo") is an individual domiciled in the State of New York.

7. Plaintiff Mary Sabo Acupuncture, PLLC (together with Dr. Sabo, "MSA") is a New York professional service limited liability company, with its principal place of business at 141 W. 28th St., Suite 301, New York, NY 10001.

8. Defendant Andres Vitale is an individual domiciled in Vancouver, Canada, upon

information and belief. At all relevant dates, Defendant was domiciled in the State of
New York, during which time he registered the domain name
<MarySaboAcupuncture.com> (the "Domain Name") on behalf of Dr. Sabo, for use in
connection with the Mary Sabo Acupuncture PLLC business.  Defendant refuses to
transfer the Domain Name, over which he unlawfully retains control.  Defendant's
conduct has a substantial impact on commerce in this jurisdiction as it impacts MSA's
ability to conduct business in this jurisdiction and with customers located in this
jurisdiction.

### Background

9.  Dr. Sabo first started practicing acupuncture about twelve years ago.

10. Dr. Sabo and MSA have been doing business under the MARY SABO
    ACUPUNCTURE name and trademark (the "MSA Mark") continuously from May
    2016 to the present.  During that time, MSA has treated nearly 9,000 patients.

11. MSA employs 3 employees – an office manager and 2 other acupuncturists.  MSA has
    spent just shy of $60,000 on advertising and marketing of the MSA Mark, and has been
    featured on the Dr. Oz show and the Martha Stewart Living Radio show.

12. Dr. Sabo has been interviewed for books, blogs and articles in national magazines, such
    as Prevention.  She has also lectured for National Women's health organizations, such
    as the Endometriosis Foundation of America, and The Wing, on the topic of
    Integrative Fertility and Women's Health.

13. Dr. Sabo has her own national blog and is regularly featured on other national blogs,
    like MindBodyGreen, Mother.ly, and FertilityIQ.  She also performs acupuncture
    onsite, as a contractor at a well-known fertility clinic called CCRM NY in Manhattan.
    Dr. Sabo regularly lectures locally with other doctors about Integrative Fertility.  Since

2016, the web site, located at the Domain Name <MarySaboAcupuncture.com>, has received nearly 35,000 visitors. All of the marketing and public exposure include use of Dr. Sabo's personal name MARY SABO. As a result, the MARY SABO name and MSA Mark have established common law trademark rights and acquired secondary meaning.

14. The Domain Name is comprised of Dr. Sabo's personal name and the business name for her professional services, in their entirety.

15. Defendant Vitale registered the Domain Name on Dr. Sabo's behalf in May 2016, when Vitale and Dr. Sabo were living together and dating. At that time, Dr. Sabo had been a practicing acupuncturist for nearly a decade, and, as stated above, had common law trademark rights to her name. Rather than register the Domain Name in her name as she had expected him to do, Vitale registered it under his own name, but used a privacy masking service so that the identity of the listed registrant was hidden.

16. After Vitale moved out of Dr. Sabo's residence in November 2016, and after their relationship ended, he continued to maintain control over the Domain Name. At some point, thereafter, Dr. Sabo became aware that Defendant had registered the Domain Name in his own name.

17. Despite Dr. Sabo's numerous requests that he transfer the Domain Name to her, and Defendant's pledges to do so, Defendant has wrongfully and unlawfully refused to transfer the Domain Name, in interference with Plaintiff's rights in her MSA Mark and the Domain Name.

18. On July 14, 2019, counsel for Plaintiffs sent Vitale a demand letter requesting transfer of the Domain Name.

19. Vitale ignored the July 14, 2019 letter and subsequent attempts to contact him regarding

this matter. As a result, Plaintiffs brought the instant action.

20. Vitale utilizes ownership of the Domain Name to maintain a personal connection to Dr. Sabo despite their relationship having long ended. Vitale uses his control over the Domain Name registration to harass and manipulate Dr. Sabo into unwanted interactions and communications, causing Dr. Sabo undue emotional distress.

21. Vitale's registration and use of the Domain Name also prevents a trademark holder from reflecting her trademark in the domain name of her choice.

22. Upon information and belief, Vitale is also holding the Domain Name to sell to Dr. Sabo, with the bad faith intent to profit off of her trademarks.

23. Plaintiffs seek a transfer of the Domain Name pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), statutory damages of $100,000, and for conversion, and a Court Order declaring that Dr. Sabo is the rightful registrant and owner of the Domain Name, and directing Vitale and the .com registry, Verisign, to make the registration of the Domain Name of record in Plaintiff Dr. Sabo's name.

## FIRST CAUSE OF ACTION

### [Cybersquatting, 15 U.S.C. 1125(d)]

24. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 23 as though fully set forth here.

25. Plaintiffs are the owners of the MSA Mark, which is protected under 15 U.S.C. §1125(a) and (d).

26. As further stated above, Dr. Sabo had been using her personal name in connection with acupuncturist services for nearly 10 years at the time Defendant Vitale registered the Domain Name, and was known professionally by her name.

27. As a result of Dr. Sabo's continuous and substantial use and public exposure, the MARY SABO name and MSA Mark have become recognizable, well known and distinctive within the acupuncture community.  The goodwill and reputation of the MARY SABO name and MSA Mark are strong and extremely valuable to Plaintiffs.

28. Vitale unlawfully registered the Domain Name in his name, with full knowledge of Plaintiffs' trademark rights, and refuses to transfer the Domain Name to Dr. Sabo, the rightful owner.

29. The Domain Name is identical to the MSA Mark and contains Dr. Sabo's personal name in its entirety.

30. Vitale cannot claim and does not own any rights to the MARY SABO name, MSA Mark or the Domain Name because Plaintiffs are the owner of the MARY SABO name and MSA Mark and have been for years.

31. Vitale deceptively registered the Domain Name in his personal name rather than in the name of Dr. Sabo to gain advantage over Dr. Sabo and profit off her career.  Vitale has repeatedly refused to transfer control over the Domain Name to Dr. Sabo.

32. Vitale uses his control of the Domain Name registration to maintain a personal connection to Dr. Sabo in order to manipulate her into having communications and unwanted interactions with him, and to prevent her from being able to register it in her own name.

33. Upon information and belief, although he has never asked for money, based on his refusals to transfer the Domain Name willingly, Vitale is holding the Domain Name in the hopes of selling it to Plaintiffs for an extortionate amount far in excess of its registration costs.

34. Vitale's use and registration of the Domain Name is illegitimate and in bad faith.  Vitale

retains control over the Domain Name to carry out a personal vendetta in an effort to damage Dr. Sabo's livelihood and gain advantage over her career.

35. Because of Vitale's actions, Plaintiffs are being prevented from using and exercising control over the Domain Name and MSA Mark.

36. Plaintiffs are being harmed by not having access to their Domain Name, as they cannot control where the Domain Name will be directed or fully manage company email addresses associated with the Domain Name.  Vitale could redirect the Domain Name from Plaintiffs' Web site, or otherwise use the Domain Name to damage Plaintiffs' business.

### SECOND CAUSE OF ACTION

### [Conversion]

37. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 36 as though fully set forth here.

38. The Domain Name was registered by Vitale on behalf of Dr. Sabo for her professional services.

39. Dr. Sabo is the rightful registrant and owner of the Domain Name.

40. As such, Dr. Sabo had the right to immediate possession of the Domain Name at the time that it was registered by Defendant on her behalf.

41. By registering the Domain Name in his own name rather than Dr. Sabo's name, and then refusing to transfer the Domain Name upon request, Defendant exercised wrongful dominion and wrongful control and retention over the Domain Name, in denial of and inconsistent with Dr. Sabo's rights therein.  Defendant possesses no right, title, or interest in the Plaintiffs' assets, including Plaintiffs' Domain Name.

42. As of the date of this complaint, Defendant still maintains control over Dr. Sabo's

Domain Name and has repeatedly refused to transfer the Domain Name despite numerous requests.

43. As a result of Defendant's willful and wrongful acts set forth above, Plaintiffs have been damaged.

## THIRD CAUSE OF ACTION

## [Declaratory Judgment]

44. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 43 as though fully set forth here.

45. The Domain Name was registered by Defendant Vitale in May 2016 on behalf of Dr. Sabo for Dr. Sabo's use in connection with her professional acupuncture services. Defendant never had any business interest in MSA, nor is he an acupuncturist – he merely registered the Domain Name for Dr. Sabo when he was her boyfriend. Defendant directed the Domain Name to a Squarespace website created and maintained by Dr. Sabo for MSA and her professional and business interests.

46. Dr. Sabo did not authorize Vitale to register the Domain Name in his name. The Domain Name is comprised of Dr. Sabo's personal name and business name in their entirety and at all times used in connection with, and to market, Dr. Sabo's professional acupuncturist services.

47. As such, Dr. Sabo is the rightful owner of the Domain Name.

48. Defendant has failed and refused to transfer the Domain Name to Dr. Sabo, despite multiple requests to do so, and despite Defendant's agreement to do so.

49. A justiciable controversy exists between MSA and Vitale.

50. To resolve this actual controversy, Plaintiffs seek a declaration and judgment that Dr. Sabo is the rightful owner of the Domain Name, and seek an Order of this Court

transferring the Domain Name to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a declaratory judgment against Defendant that:

1.      Dr. Sabo is the rightful registrant and registered name holder of the Domain Name;

2.      Vitale does not have any rights to the subject Domain Name;

3.      the Domain Name immediately be ordered to be transferred to Dr. Sabo;

4.      the Court grant Plaintiffs statutory damages in the amount of $100,000, and

5.      such other relief as the Court deems just and equitable under the circumstances.

Dated:  August 22, 2019

Respectfully submitted,

Lewis & Lin, LLC

Brett E. Lewis

*Attorneys for Plaintiffs*
DR. MARY SABO and MARY SABO
ACUPUNCTURE, PLLC

## **DEMAND FOR TRIAL BY JURY**

Please take notice that Plaintiff, pursuant to Rule 38(b) of the Federal Rules of Civil

Procedure, hereby demands trial by jury for all issues so triable.

Dated:  August 22, 2019.

Respectfully submitted,

Lewis & Lin, LLC

Brett E. Lewis
Attorneys for Plaintiff
DR. MARY SABO and MARY SABO
ACUPUNCTURE, PLLC